E. & H. T. ANTHONY & CO. v. UNITED STATES.

(Circuit Court, S. D. New York.   December 17, 1898.)

No. 2,596.

CUSTOMS DUTIES—CLASSIFICATION—PORTRAIT LENSES.
   A patent portrait lens, used as a part of a photographic camera, consisting of eight single lenses arranged in pairs and mounted in metal, which constitutes but a small part of the value of the whole, the complete articles being commercially known as lenses, is dutiable, under paragraph 100 of the tariff law of 1894, as "lenses of glass," and not under paragraph 98, as "optical instruments."

This is an appeal by E. & H. T. Anthony & Co. from the decision of the board of general appraisers affirming the classification for duty of certain imported articles of merchandise.

Albert Comstock, for importers.

J. T. Van Rensselaer, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). The merchandise in question comprises an article known as "Dallmeyer's patent portrait lens." Each portrait lens contains eight lenses, consisting of four pairs of crown and flint glasses fastened together, and the article as a whole is used as part of a photographic camera, and is mounted in metal, and the different lenses are generally adjusted by means of a rack and pinion. The value of the whole lens is $200. The value of the metal does not exceed $10. The article was classified for duty, under the provisions of paragraph 98 of the act of 1894, at 40 per centum ad valorem, as "optical instruments." The importers protested, claiming that it was dutiable under the provisions of paragraph 100, as "lenses of glass, wholly or partly manufactured." It cannot be disputed, in view of the evidence, that these articles are commercially known as "lenses," and that they are not commercially known as

"optical instruments." Counsel for the United States contends, however, that under paragraph 100 of said act are only included lenses composed entirely of glass or pebble, and not mounted; and, furthermore, that these articles, in common speech, are optical instruments. These articles are not optical instruments, in ordinary parlance. They are not something designed to aid the sight; nor are they optical instruments ejusdem generis, as "spectacles, eye glasses, goggles, or opera glasses." Inasmuch as the complete lenses contain and are chiefly composed of what are commonly known as "lenses," and said complete lenses are universally commercially known as "lenses," and are not commercially or in ordinary parlance "optical instruments," and in the absence of any satisfactory evidence that congress did not intend to include these articles under the provision for "lenses," it must be held that they should have been assessed, under the provisions of paragraph 100 of said act, as "lenses of glass." The decision of the board of general appraisers is therefore reversed.